## C. COULTER CHARLTON AND LUCY C. CHARLTON, RESPONDENTS, v. JERSEY MUTUAL CASUALTY INSURANCE COMPANY, APPELLANT.

Argued February 5, 1930—Decided October 20, 1930.

For the respondents, *William Elmer Brown, Jr.*

For the appellant, *George F. Seymour, Jr.*

The opinion of the court was delivered by

CASE, J. Plaintiffs recovered judgment against Conrad Brathwaite for personal injuries and property damage caused by the latter's taxicab. On non-payment of the judgment, plaintiffs brought suit thereon against Jersey Mutual Casualty Insurance Company on its liability policy issued to Brathwaite and, under *Pamph. L.* 1926, *p.* 383, as amended by *Pamph. L.* 1927, *p.* 407, filed with the clerk of Atlantic City. The policy, by its terms, provided that the indemnity therein granted was "in strict accordance with the provisions of chapter 231, laws of New Jersey, 1926." A pertinent provision of that statute is: "Such insurance policy shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto cab or any fault in respect thereto and shall be for the benefit of every person suffering loss, damage or injury as aforesaid." At the close of the trial verdict for the entire amount was directed in favor of the plaintiffs. From the judgment entered thereon defendant appeals. The nub of the controversy is whether the policy had been canceled before the liability was incurred.

The policy was issued June 16th, 1927, and contained the following provision: "Cancellation. Either the assured or the company may cancel this policy at the end of any quarterly period by filing a notice of their intention so to do in the office of the commissioner of motor vehicles of New Jersey, at Trenton, at least twenty days prior thereto, in which event future premiums shall thereupon cease and the company shall not be liable to the assured for the payment of any unearned portion of the premium already paid." A copy of the policy incorporated within the complaint was admitted by the answer to be correct. In the course of the trial the defendant sought to amend its answer to allege that at the time the policy was issued a rider was attached thereto containing *inter alia* the following: "It is also understood and agreed that no cancellation of this policy shall become effective until twenty days' notice of such proposed cancellation has been forwarded to the clerk of Atlantic City." The rider

was not contained in the matter which defendant had by its answer conceded to be a true copy of the policy and the motion was, therefore, at variance with the issue framed by the pleadings. It was addressed to the discretion of the court and the court was manifestly within its sound discretion in denying it. *Crawford* v. *New Jersey Railroad Co., 28 N. J. L.* 479. Moreover, no harm came to the defendant because of that ruling. *Gorman* v. *Elizabeth-Union-Irvington Line, Inc., et al., 105 Id.* 602. The defendant's argument is that the statutory machinery originally required the notice of cancellation of such a policy to be filed with the commissioner of motor vehicles, that this provision was altered by legislative amendment to require that the notice of cancellation should be filed with the municipal clerk, and that the defendant was under mandate to fit its policy provisions to this procedure. This argument is not true with the facts inasmuch as the statute is silent on the subject of cancellation. The policy must of course be in accord with the statute, but we find no lack of accord between either of these policy provisions and the statute; nor do we discover any inconsistency in the contemporaneous existence of both the admitted and the disputed policy provisions. Reading together the provisions from the body of the policy and from the rider the result would be thus: "Cancellation. Either the assured or the company may cancel this policy at the end of any quarterly period by filing a notice of their intention so to do in the office of the commissioner of motor vehicles of New Jersey, at Trenton, at least twenty days prior thereto, in which event future premiums shall thereupon cease and the company shall not be liable to the assured for the payment of any unearned portion of the premium already paid; provided, however, no cancellation shall become effective until twenty days' notice of such proposed cancellation has been forwarded to the clerk of Atlantic City."

Our conclusion is that the defendant, under the terms of its policy, could not cancel the same without filing notice thereof at the office of the commissioner of motor vehicles, that the defendant produced no proof of having done this and

that consequently the policy was properly held to be in force and for the benefit of plaintiffs.

Judging from representations made by counsel for the defendant at the trial, but not proved, the defendant company recognized the continued obligation of the original policy provision and filed notice of cancellation with both the municipal clerk and the commissioner of motor vehicles. Stating that the filing with the commissioner had in fact been made, counsel asked a continuance for the purpose of procuring and producing the proof and now alleges error in the court's refusal; but this, too, was a matter within the discretion of the trial court. The trial was well advanced when the request was made and no sufficient cause was shown. *McCourry* v. *Doremus*, 10 *N. J. L.* 245; *Wait* v. *Krewson*, 59 *Id.* 71. That a party finds himself, in the course of a trial, without essential evidence is not, of itself, a compelling reason for a continuance.

The defendant's offer to prove that notice of cancellation was filed at the office of the municipal clerk was denied upon the ground that that act was secondary to, and ineffective without, the filing of notice in the office of the commissioner. That denial, under our construction, was not harmful to the defendant. The proof offered would, as the trial court indicated, be incomplete and insufficient without proof also of the filing with the commissioner.

We have considered the remaining grounds of appeal and believe them to be without substance.

Under the proofs the plaintiffs presented a case against which no effective defense was interposed. The direction of verdict was proper. The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—None.